OPINION OF THE COURT
F. Warren Travers, J.
The petitioner commenced this CPLR article 78 proceeding *535 seeking to annul a determination by the respondent. The Comptroller charged various accounts within the Judiciary 1991-1992 appropriation the total sum of $11,142,000. This represented the funds that had been repaid to court employees in September 1991 as a result of Federal court invalidation of a legislatively imposed lag payroll. The petitioner contends that the Comptroller exceeded his authority by specifically identifying the accounts to be charged. The respondent has answered the petition and requests that the petition be dismissed.
The petitioner in his brief, concedes that the Federal court decision determined that the liability at issue was incurred in fiscal year 1991-1992. Initially, there had been an argument made that the liability should be charged to the 1990-1991 fiscal year appropriation.
The petitioner contends that the Comptroller impounded fund balances appropriated for other purposes. Petitioner contends this action interferes with the Judiciary’s ability to determine its own budgetary priorities. Petitioner contends that he is vested with the authority to determine the budgetary source from which liabilities are to be paid.
The payment was made to employees in September 1991 as a result of the decision in Association of Surrogates & Supreme Ct. Reporters v State of New York (940 F2d 766). Section 40 (2) (a) of the State Finance Law requires that payment of liabilities be made from budget appropriations during the fiscal year in which the liability was incurred. In this case, the payment was made in September 1991. The 1991-1992 fiscal year is the proper year to which the payment must be charged.
It appears that the petitioner took no steps to charge any particular accounts during fiscal year 1991-1992. After the close of the fiscal year on March 31, 1992, the Comptroller identified unencumbered unexpended balances in various accounts. These accounts were transferred by the Comptroller into one account sufficient in amount to equal the total sum of the repaid lag payroll. This was done by the Comptroller on June 10, 1992. The order to show cause bringing on this matter was signed September 8, 1992.
The petitioner contends that he has the authority to determine which particular accounts should be charged and not the Comptroller. If the Comptroller took this action prior to the close of the fiscal year on March 31, 1992, the court would *536 have no difficulty annulling his action. However, the action was taken after the fiscal year had ended and was directed against unencumbered account balances. This poses a more difficult question.
It is clear that something needed to be done to prevent the Judiciary from overspending its appropriation. The Comptroller could have warned the petitioner that the Judiciary appropriation was close to being fully expended taking into consideration the repayment of the lag payroll. The action taken to segregate specific accounts was taken without consultation with the petitioner.
The court finds that the Comptroller exceeded his authority by transferring unexpended fund balances within the Judiciary appropriation without prior consultation with the petitioner. The petitioner should be given the opportunity to transfer fund balances within the Judiciary appropriation for fiscal year 1991-1992 prior to any action by the Comptroller.
The petition is granted to the extent that the action of the Comptroller in transferring unencumbered account balances within the 1991-1992 Judiciary appropriation without first affording the petitioner the opportunity to choose the accounts to be transferred is annulled.